Laurence AHLGREN and Mildred Ahlgren, his wife, Plaintiffs-Appellants,

v.

COLVIN–WEBER REALTY & INVEST- MENT COMPANY, Inc., Ellis C. Colvin, H. Glenn Weber and J. S. Weber, Defend- ants-Respondents.

No. 33722.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for plaintiffs-appellants.

Benson Cytron, House Springs, for defendants-respondents.

WOLFE, Judge.

This originated as an action against the defendant corporation and its three directors. The plaintiffs sought to have a default judgment against them and in favor of the corporation set aside. The judg- ment was on a note payable to the cor- poration but at the time the suit resulting in the judgment was brought the corporation's charter had been forfeited for failure to file an annual registration and anti-trust affidavit. The corporation was in good standing at the time of the trial here under consideration. It filed a counterclaim and sought judgment on the same note signed by the plaintiffs. The court found for the plaintiffs on their cause of action and set aside the prior judgment in favor of the corporation. It further found in favor of the defendant corporation on its counter- claim, and plaintiffs appeal.

The counterclaim, upon which the trial centered, alleged that the plaintiffs signed a note payable to Colvin-Weber Realty & Investment Company, Inc. in the sum of $20,000. It alleged that the plaintiffs had paid $10,000 to the defendant and that a balance of $10,000 with interest amounting to $3,500 was owing to the defendant cor- poration on the note. Judgment was sought and given for the total sum. The defenses of plaintiffs to defendant's counterclaim were fraud and failure of consideration.

Ahlgren and his wife owned some acre- age which was part of an area known as the Beck Farm. They lived there and were engaged in developing a subdivision. Ahlgren had been developing subdivisions and building houses for many years. They were desirous of obtaining land adjoining theirs in futherance of their subdividing, developing and building plans. This land was owned by Colvin-Weber Realty & In- vestment Company. A part of the land which plaintiffs desired was a tract described in metes and bounds. It was deeded to plaintiffs by the defendant cor- poration and plaintiffs gave the defend- ant corporation their note for $20,000 and

at the same time executed a deed of trust on the land deeded to them to secure the payment of the note.

The plaintiffs paid $10,000 on the note out of money they received from a loan made to them by the Community Federal Savings and Loan Association. That loan was secured by a deed of trust on this land and other land owned by them and Colvin-Weber Real Estate & Investment Company. The deed of trust given by the plaintiffs to Colvin-Weber to secure the $20,000 note was secondary to the deed of trust held by the loan company. The first deed of trust held by the loan association had been foreclosed prior to the suit here considered. The plaintiffs had gone out of business and paid nothing on the balance of $10,000 still owing on the note.

Although the plaintiffs interposed a defense of fraud and failure of consideration there was no evidence of fraud. The evidence as to failure of consideration is predicated upon the theory that a "parol agreement" and "written documents" between the parties required a payment of only $10,000 for the real estate the defendant deeded to the plaintiffs. As the plaintiffs attempted to offer this evidence they were confronted by an objection by the defendant that parol evidence could not be properly received to alter the terms of the note sued upon. The court overruled the objection on the ground that the plaintiffs had pleaded fraud and failure of consideration.

A "written document" upon which the plaintiffs rely consisted of a contract signed by the defendant corporation to sell to them three other parcels of ground. Two of these were described by metes and bounds and the third consisted of twenty-four lots described by lot numbers in a tract that had been so subdivided. It provided for a payment of $20,000 for the two tracts and $1,500 for each of the lots. None of this land was ever transferred to the plaintiffs nor was payment for any of it tendered to the defendant corporation.

Plaintiff Laurence Ahlgren testified that the parties engaged in one transaction for all of the real estate and that the total purchase price was $30,000 and that the $10,000 of that was for the tract deeded to them and that they owed nothing more on the note of $20,000 because they never carried out the purchase of the other land. The testimony of the defendant was to the effect that there were two contracts as evidenced by the note and deed of trust signed by the plaintiffs and the court made the following finding of facts:

"This Court finds on the record no fraud. Mr. Ahlgren is a man possessed of good intelligence and business experience. He and Mrs. Ahlgren executed the promissory note and the Deed of Trust each for $20,000.00 and the Sale Contract for $20,000.00. Mr. Ahlgren admitted he read these documents before signing. Whether the Sale Contract was executed on February 4 or on February 5 the exhibits clearly show it was executed subsequent to the execution of the Warranty Deed. Several references are made in the Sale Contract to the previously executed Warranty Deed. Considering the entire record the Plaintiffs have simply failed to carry their burden of persuading this Court that $10,000.00 of the consideration for the promissory note was to be applied to the purchase of the real estate in the sale contract."

The only point raised by the plaintiffs is as follows:

"The court erred in finding that plaintiffs owed defendant the second $10,000.00 on the $20,000.00 promissory note, plaintiffs having paid defendant the first $10,000.00 in March 1963, because the parol agreement and written documents between the parties required payment of only $10,000.00 for the real estate conveyed from defendant to plaintiffs."

The finding by the court rested not only upon the conflicting evidence regarding the agreement, but also on the undisputed evi-

dence that the note and deed of trust were signed by the plaintiffs. The facts set out by the court, were supported by the evidence, and were we to indulge in the contention of the appellant that the note did not mean what it said we would be obliged to defer to the trial court's finding for it rested upon the credibility of the witnesses it had before it.

We cannot, however, disregard the basic rule stated in Commerce Trust Company v. Howard, Mo., 429 S.W.2d 702, 1.c. 706, which is as follows:

> "Where parties have reduced their agreement to an unambiguous writing, the courts, through application of the parol evidence rule, have quite uniformly held that in the absence of fraud, duress, mistake or mental incapacity, oral testimony may not be received or considered, thereby substituting a new and different contract. This rule is one of substantive law and not a rule of evidence. * * *."

See also Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817, 1.c. 820.

The trial court reached the proper result when it gave the defendant judgment on its counterclaim against the plaintiffs. The judgment is affirmed.

BRADY, P. J., and DOWD, J., concur.